**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonardo Chavez, | No. CV-20-00571-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 29) regarding Petitioner's Petition for Writ of Habeas Corpus filed on March 18, 2020, pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition be denied and a certificate of appealability be denied. (Doc. 29 at 9–10). Judge Willett advised the parties that they had fourteen days from the date of service to file specific written objections with the Court. (*Id.* at 10). After requesting an extension of time to file his objections to November 12, 2021, Petitioner filed an Objection on November 15, 2021 (Doc. 32). Respondents filed their response on November 24, 2021 (Doc. 33). The Court has considered Petitioner's Objection and reviewed the R&R *de novo*. *See* Fed. R. Civ. P. 72(b); 29 U.S.C. § 636(b)(1)(C).

**I.    Discussion**

The R&R found that the Petition was filed ten weeks after the one-year statute of limitations had expired, and that Petitioner had not established that equitable tolling should apply. (Doc. 29 at 4–9). The R&R specifically addressed Petitioner's contention

that "the interests of justice" supported a finding that his Petition was timely on the grounds that three days before his Petition was due, he had sought a 90-day extension of time to file his federal habeas petition, and then subsequently filed his Petition within that timeframe.  In doing so, the Magistrate Judge noted that no motion for extension of time existed on either the state or federal docket, and that even if the request had been made, "filing such a motion three days before the expiration of the limitations period is insufficient to support equitable tolling." *Id.* at 6 (*citing Hardaway v. Davis*, 684 F.App'x 444, 448 (5th Cir. 2017), *Kreutzer v. Bowersox*, 231 F.3d 460, 646 & n.2 (8th Cir. 2000), and *Williams v. Coyle*, 167 F.3d 1036, 1040 (6th Cir. 1999)).  The R&R found that this was not a circumstance in which the petitioner relied in good faith on a court action, or a case in which the record indicated that the circumstances of Petitioner's incarceration made it "impossible" for him to timely file.  *Id.*

In his Objection, Petition says that "prison policy put [him] in extraordinary circumstances that stood in the way to file writ of habeas corpus on time." (Doc. 32 at 1). He does not specify what policies stood in his way but says that because he was in detention during this period, he was "only allowed certain property." (*Id.*)  He has attached a letter from Deputy Warden M. Taylor dated October 13, 2021, that states Petitioner was housed in the Yuma Complex–Cheyenne Detention center between December 8, 2019, and February 1, 2020.  (Doc. 32 at 6).  Petitioner has also attached a copy of an undated motion for extension of time-stamped by this Court as received on December 30, 2019, to his Objection, but which is not reflected on the docket.  (*Id.* at 4–5).

The Court finds that even if the Court received Petitioner's undocketed Motion for Extension of Time, Petitioner has not established the extraordinary circumstances necessary to toll the statute of limitations.  As the Respondents point out, the Court never granted the requested extension, and Petitioner has not pointed to any order granting an extension "that would provide a basis for [Petitioner] to believe that he had additional time in which to file his habeas petition."  (Doc. 33 at 3).  He therefore cannot establish

that he relied in good faith on an action by this Court.  Nor has he shown that he was unable to timely file his Petition in the eleven months prior.  *See Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003) (holding that a prisoner must show that the alleged "extraordinary circumstances" were the cause of his untimeliness).  Finally, the fact of Petitioner's detainment, without more, does not establish the extraordinary circumstances necessary to excuse his untimely filing.  *See e.g.*, *Ramirez v. Yates*, 571 F.3d 993, 997–1001 (9th Cir. 2009) (finding prisoner was not entitled to equitable tolling while he was in administrate segregation and had limited access to the law library and copy machine); *Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D. N.Y. 2002) (noting that conditions unique to prison confinement, such as transfers between prisons, solitary confinement, lockdowns, and restricted access to libraries, do not qualify as extraordinary circumstances).

**II.     Conclusion**

Petitioner's objections to the R&R are overruled.  The Court will adopt the findings of the R&R.  Accordingly,

**IT IS ORDERED** that the R&R (Doc. 29) is **accepted and adopted**. The Petition (Doc. 1) is **denied and dismissed, with prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's request for a certificate of appealability and leave to proceed in forma pauperis on appeal is **denied** because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 9th day of June, 2022.

Honorable Diane J. Humetewa
United States District Judge